IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

ROBIN CHANNON,                  )
                                )
          Plaintiff,            )
                                )
     v.                         )   No. 10 C 6963
                                )
SMITH & NEPHEW, INC.,           )
                                )
          Defendant.            )

                        MEMORANDUM ORDER

     Smith & Nephew, Inc. ("Smith & Nephew") has filed a Notice

of Removal ("Notice") to bring this action from the Circuit Court

of Cook County to this District Court.  That effort demonstrates

the unwisdom of waiting, as Smith & Nephew's counsel has done,

until the 30-day time limit prescribed by 28 U.S.C. §1446(b)[1] is

about to expire, for if this Court were inclined to apply the

teaching from our Court of Appeals literally, it would be

obligated to remand this action to the state court for lack of

subject matter jurisdiction--and that would in turn lock Smith &

Nephew into the state court forum because the 30-day period for

removal had expired.

     Why is the Notice defective in terms of its failure to

confirm jurisdiction properly?  It's because, as the Notice

itself reflects, citizenship for diversity-of-jurisdiction

purposes means an individual's domicile (not his or her

---

    [1] All further references to Title 28's provisions will
simply take the form "Section--."

residence, which is not necessarily synonymous with the state of citizenship).  As taught by <u>Simon v. Allstate Employee Group Med. Plan</u>, 263 F.3d 656, 658 (7th Cir. 2001), for example, "an allegation of residency, however, is insufficient to establish diversity jurisdiction."  And <u>Adams v. Catrambone</u>, 359 F.3d 858, 861 n.3 (7th Cir. 2004)(brackets in original omitted), quoting <u>Guar. Nat'l Title Co. v. J.E.G. Assocs.</u>, 101 F.3d 57, 59 (7th Cir. 1996), has again repeated the command that "'[w]hen the parties allege residence but not citizenship, the district court must dismiss the suit.'"

Here Complaint ¶1, as filed by plaintiff Robin Channon ("Channon"), speaks only of her Skokie <u>residence</u>.  And although Notice ¶12 cites cases that correctly identify <u>domicile</u> as equivalent to the state of citizenship, the Notice fails to supply the missing link in the manner demanded by such cases as those cited and quoted in the preceding paragraph.

There is more.  Counsel for Smith & Nephew have accompanied the Notice with an Answer and Separate or Affirmative Defenses to the Complaint, and that added document is also troublesome in a couple of respects.  Even though those additional defects might reasonably tip the scales toward imposing the earlier-mentioned federal court death sentence prescribed by Seventh Circuit caselaw, this Court will instead send Smith & Nephew's counsel back to the drawing board.

2

For one thing, the responsive pleading wholly ignores the mandate of this District Court's LR 10.1. Its purpose--facilitating the ability of the reader, whether opposing counsel or this Court, to determine what is and what is not in dispute by looking at a single document--is obvious. And besides that, it is after all a court order.

Next, Smith & Nephew's counsel accompanies each invocation of the disclaimer made available by Fed. R. Civ. P. ("Rule") 8(b)(5) with the assertion "and therefore denies same." That is of course oxymoronic--how can a party that asserts (presumably in good faith) that it lacks even enough information to form a <u>belief</u> as to the truth of an allegation then proceed to <u>deny</u> it in accordance with Rule 11(b)? Accordingly the quoted phrase is stricken wherever it appears in the Answer.

Finally, some of the ADs also appear to be troublesome. In particular:

>   1. AD 1 is the equivalent of a Rule 12(b)(6) motion and, as such, really does not belong with the rest of Smith & Nephew's laundry list of ADs. If counsel truly believes that Channon does not belong in court when all of the Complaint's allegations are credited (together with all reasonable inferences), that position must be advanced by a separate motion with adequate support. In the meantime, AD 1 is stricken without prejudice.

2. As to all the other items on the AD laundry list, this Court has made no effort to see which should be omitted because they are at odds with allegations of the Complaint (in that regard, in addition to the teaching of the caselaw that construes and applies Rule 8(c), see App'x ¶5 to State Farm Mut. Auto. Ins. Co. v. Riley, 199 F.R.D. 276, 279 (N.D. Ill. 2001)). When Smith & Nephew's counsel go back to the drawing board to generate a replacement pleading, as they must, particular heed should be given to that issue.

3. AD 13 states Smith & Nephew's desire to reduce its potential liability to Channon by laying off part of the asserted fault on others. Any such effort would invariably require the addition of other parties defendant, lest Channon recover less than her total damages. And if, for example, that brought operating surgeon Dr. Matthew Jimenez into the action, diversity of citizenship could be destroyed, with the litigation then having to be sent back to the state court.[2]

4. AD 14 is totally speculative. It is stricken, but without prejudice to its possible reassertion if the facts developed during the litigation justify it.

---

[2] As Oscar Wilde said in Lady Windemere's Fan:

> In this world there are only two tragedies. One is not getting what one wants, and the other is getting it.

5. AD 15 unquestionably flouts the Complaint's allegations. It too should be omitted from the repleading.

In summary, this Court will not conform strictly to our Court of Appeals' teaching by shipping this case back to the state court, but Smith & Nephew's counsel must promptly cure the jurisdictional flaw identified here. In addition, the existing Answer and ADs are stricken in their entirety, but with leave granted to file a self-contained responsive pleading on or before November 19, 2010. Smith & Nephew's counsel are also ordered to comply with the requirements of App'x ¶8 to State Farm.

_____
Milton I. Shadur
Senior United States District Judge

Date: November 1, 2010